IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS WARNER,<br>       Plaintiff,<br><br>   v.<br><br>SUN SHIP, LLC, et al.,<br>       Defendants. | CIVIL ACTION<br><br>NO. 11-7830 |

**MEMORANDUM OPINION**

**RUFE, J.**        April 30, 2012

     Plaintiff Thomas Warner brings this action *pro se* against Defendants Sun Ship, LLC and Sunoco, Inc. (R&M), asserting a claim for seaman's wages pursuant to 46 U.S.C. § 10313, for vacation wages accrued during his employment by Sun Transport, Inc. between September 1972 and February 1974. Defendants have filed a motion to dismiss, arguing that the Complaint is barred as a matter of law by the equitable doctrine of laches. For the reasons that follow, the Motion will be granted.

**I. BACKGROUND**

     Between September 1972 and February 1974, Plaintiff worked as a seaman for Sun Transport, Inc., a predecessor company of Sun Ship. As a crew member on Sun Transport's oil tankers, Plaintiff worked as a messman, ordinary seaman, and able seaman. Plaintiff alleges that during his employment, his earnings comprised base wages (which were calculated monthly and varied depending on whether Plaintiff was working as a messman, ordinary seaman or able seaman), overtime, penalty time, and vacation wages. As with Plaintiff's base wages, his vacation wages were calculated based on the position he held on the ship and in 1974 were,

according to Plaintiff, approximately $500 per month.

Plaintiff voluntarily left employment with Sun Transport in February 1974.  He alleges that, at the time of his departure, he had accrued vacation wages at a rate of $500 per month for each of the 18 months he was employed with Sun Transport.  Upon leaving Sun Transport's employ, Plaintiff did not make a request for vacation wages, but Plaintiff now alleges he was nevertheless entitled to them under 46 U.S.C. § 10313.

More than two decades after leaving Sun Transport's employ, on November 12, 1997, Plaintiff sent a letter to the human resources department of Sun Transport, requesting the vacation wages he claimed he accrued between September 1972 and February 1974.  By letter dated April 27, 1998, a representative of Sunoco notified Plaintiff that it had no record of Plaintiff's employment with Sun Transport and requested documentation verifying his employment.  Although not specifically alleged in the Complaint, it appears from Exhibit C to the Complaint that Plaintiff responded to Sunoco's letter on January 20, 1999,[1] by providing a document from the Social Security Administration Office of Central Records Operations which contains a record of Plaintiff's work from January 1972 through December 1974.  Sunoco responded by letter dated February 16, 1999; Sunoco stated that the information provided was insufficient to validate his claim that he was due vacation wages.

Six-and-a-half years passed before Plaintiff again contacted Sunoco. Plaintiff alleges that he reiterated his claim of unpaid vacation wages by letter dated September 12, 2005.  He attached several documents to this letter including copies of his U.S. Coast Guard-issued certificates of discharge.  He received no response to the letter.  Another five years passed and Plaintiff

---

[1] Compl., Ex. C.

contacted Sunoco regarding his unpaid vacation wages and the documents he submitted in support of his claims. A Sunoco human resources representative informed Plaintiff that the documents no longer existed.

Plaintiff filed this action on December 23, 2011, seeking $30,000 in "inflation-adjusted vacation wages . . . along with any interest or penalties which may be applicable."[2]

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that she is entitled to relief.[3] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[4] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[5] Something more than a mere *possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[6]

The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[7] The court has no duty

---

[2] Compl. at 3.

[3] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[4] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[5] Twombly, 550 U.S. at 555, 564.

[6] Id. at 570.

[7] Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)).

to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one." Because Plaintiff here proceeds *pro se*, the Court liberally construes his Complaint.[8]

While some courts have cautioned against dismissing claims as barred by the doctrine of laches on a motion to dismiss,[9] the Third Circuit has held that laches may serve as the basis for dismissal pursuant to Rule 12(b)(6) if applicability of the doctrine is apparent from the face of the Complaint.[10]

### III. DISCUSSION

Plaintiff asserts his claim for unpaid vacation wages pursuant to the Merchant Seamen Protection and Relief Act,[11] which provides in pertinent part:

> (f) At the end of a voyage, the master shall pay each seaman the balance of wages due the seaman within 24 hours after the cargo has been discharged or within 4 days after the seaman is discharged, whichever is earlier. . . .
>
> (g)(1) . . . when payment is not made as provided under subsection (f) of this section without sufficient cause, the master or owner shall pay to the seaman 2 days' wages for each day payment is delayed.[12]

---

[8] Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

[9] See, e.g., Dziennik v. Sealift, Inc., No. 05-4659, 2006 WL 4586140, at *7 (E.D.N.Y. Aug. 30, 2006) ([A]lthough a court may consider the defense of laches on a motion to dismiss, courts generally are not inclined to do so because application of the defense involves consideration of fact issues outside the pleadings.") (quotation marks and citation omitted).

[10] Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)) (the so-called "Third Circuit Rule" "permits a limitations defense to be raised by motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows the cause of action has not been brought within the statute of limitations'").

[11] 46 U.S.C. § 10101 *et seq.*

[12] 46 U.S.C. § 10313(f), (g)(1).

The Act does not establish a statute of limitations for individual claims for unpaid wages.[13] Defendants argue, however, that Plaintiff's claim is barred by the equitable doctrine of laches which has been applied in other circuits to claims of unpaid wages under the Act.[14]

The Third Circuit has not before applied the laches doctrine in a case involving the Act; the Third Circuit has, however, applied the doctrine in other contexts. In Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.,[15] the Third Circuit concluded that it was proper for the district court to use the most analogous statute of limitations as a guideline for determining whether the laches doctrine barred the plaintiff's claim.[16] The Court reasoned that in cases like this one, where the federal statute in question "does not specify a statute of limitation, courts must "adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so."[17]

"Laches consists of two elements: (1) inexcusable delay in bringing suit, and (2) prejudice to the defendant as a result of the delay."[18]  "Once the statute of limitations has expired, the

---

[13] But see 46 U.S.C. § 10313(g)(3) ("A class action suit for wages under this subsection must be commenced within three years after the later of– (A) the date of the end of the last voyage for which the wages are claimed; or (B) the receipt, by a seaman who is a claimant in the suit, of a payment of wages that are the subject of the suit that is made in the ordinary course of employment.").

[14] See, e.g., Dziennik, 2006 WL 4586140, at *5 (quoting DeSilvio v. Prudential Lines, Inc., 701 F.2d 13, 15 (2d Cir. 1983) ("The equitable doctrine of laches has immemorially been applied to admiralty claims to determine whether they have been timely filed.").

[15] 401 F.3d 123 (3d Cir. 2005).

[16] Id. at 135.

[17] Id. (internal quotation marks omitted).

[18] Id. at 138.

defendant 'enjoys the benefit of a presumption of inexcusable delay and prejudice.'"[19]  In cases such as this one, where the statute does not contain a limitations period, the Court begins its analysis by looking to the most analogous state statute of limitations to determine whether the presumption of laches attaches.[20]

Defendants assert that the most analogous state statute of limitations here is the 3-year limitations period under the Pennsylvania Wage Payment and Collection Law ("WPCL").[21]  The Court agrees.  WPCL provides: "No . . . legal action shall be instituted under the provisions of this act for the collection of unpaid wages or liquidated damages more than three years after the day on which such wages were due and payable."[22]  Here, Plaintiff has instituted an action for the collection of unpaid wages and penalties, and the Court considers this analogous state statute in assessing the timeliness of Plaintiff's claim.[23]

Plaintiff's wage claim was filed 37 years after the day on which the alleged wages were due, far outside the analogous 3-year limitations period.  The presumption of laches therefore

---

[19] Id. (quoting Equal Opportunity Employment Comm'n v. The Great Atl. & Pac. Tea Co., 735 F.2d 69, 80 (3d Cir. 1984)).

[20] Id. at 135; see also DeSilvio, 701 F.2d at 15.

[21] 43 Pa. Stat. § 260.1 *et seq*.

[22] 43 Pa. Stat. § 260.9a(g).

[23] See McConville v. Florida Towing Corp., 321 F.2d 162, 166 (5th Cir. 1963).  There is additional support for the Court's application of a 3-year limitations period.  The Merchant Seamen Protection and Relief Act contains a 3-year time period for the filing of a class action suit for wages.  See 46 U.S.C. § 10313(g)(3) ("A class action suit for wages under this subsection must be commenced within three years after the later of– (A) the date of the end of the last voyage for which the wages are claimed; or (B) the receipt, by a seaman who is a claimant in the suit, of a payment of wages that are the subject of the suit that is made in the ordinary course of employment.")  Proposed legislation strikes the "class action" language of this provision making the limitations period applicable to any suit for wages under § 10313.  See H.R. 2838, 112th Cong. (1st Sess. 2011).

applies and the burden shifts to Plaintiff to show both that the delay was excusable and that Defendants have not been prejudiced by the delay.

### A.     Cause for the Delay

Plaintiff has failed to offer any explanation that excuses his 37-year delay in filing suit. While he attributes some of his delay to Defendants' failure to respond to his communications with the Company, Plaintiff's initial contact with the Company occurred 23 years after his wages became due. Plaintiff asserts that "as a merchant seaman," he "depended and relied" on the wage statements of his employer, "erroneously" believing that he would eventually be paid.[24] Even assuming Plaintiff relied on the wage statements and simply believed there was a delay in payment, this cannot justify the extent of the delay here.

Plaintiff urges the Court not to "ascribe functions and responsibilities that have not usually, or historically, been associated with seamen," and impose on him the duty to ensure the accuracy of his own wage statements.[25] The Court will not excuse Plaintiff's delay simply because he was a seaman. Plaintiff had a duty to determine in a timely manner whether he was owned wages.

### B.     Prejudice to Defendants

Even if Plaintiff could show that his delay was excusable, Defendants have established that they have been prejudiced by the decades-long delay. Defendants assert that they have been prejudiced for two reasons. First, they argue that they are highly prejudiced by the "astronomical

---

[24] Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss (Doc. No. 8) at 3.

[25] Id.

penalties" that may result from the Act's double wage penalty.[26]  Plaintiff counters that he "is willing to stipulate that he is willing to forego any and all double wage penalties."[27]

Defendants submit that they are also prejudiced by having to defend against a wage claim that is nearly four decades old where the employment records no longer exist and the company that employed Plaintiff is no longer in existence.  Plaintiff responds: "It is quite likely that Sun Transport, Inc.'s successor, defendant Sun Ship, LLC still has copies of [his employment] contract, either in paper form or as a computerized record."[28]  Plaintiff offers no basis for his contention that the relevant records exist other than his mere speculation that they do.  Plaintiff argues that he can calculate the amount of wages due based on his Social Security Administration documents and "his memory of prevailing wages in a contract between Sun Transport, Inc. and its marine workers" in 1972.[29]  However, he has not retained documentation of his employment contract or wage statements.  As Defendants allege that they no longer possess such records, Defendants would be compelled to commence a costly discovery process in an attempt to locate individual employment records nearly four decades old, which were originally held by a predecessor company, and which may not exist any longer.

Plaintiff has failed to present the Court with sufficient justification to overcome the presumption of laches.  He has not justified the delay nor has he demonstrated a lack of

---

[26]  46 U.S.C. § 10313(g)(1) ("[W]hen payment is not made as provided under subsection (f) of this section without sufficient cause, the master or owner shall pay to the seaman 2 days' wages for each day payment is delayed.").

[27]  Pl.'s Resp. at 5.

[28]  Id. at 6.

[29]  Pl.'s Reply (Doc. No. 15) at 2

prejudice.  To the extent Plaintiff argues that he is entitled to equitable tolling because Sun Transport may have intentionally submitted "inherently inaccurate, incomplete, deceptive, and possible [sic] fraudulent misinformation . . . regarding his earnings,"[30] the Court finds that there are simply no factual allegations to support this speculation.[31]

The applicability of the doctrine of laches is apparent from the Complaint.  Plaintiff alleges that he became entitled to his wages in February 1974 when he left Sun Transport's employ and that he did not contact Defendants until 1997, offering no explanation for this delay.  Thus, the applicability of the doctrine does not depend on facts outside the Complaint such that discovery is necessary.[32]  Furthermore, any amendment to the Complaint would be futile.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's claims are barred by the doctrine of laches.  Accordingly, Defendants Motion will be granted and the Complaint will be dismissed with prejudice.

An appropriate Order follows.

---

[30] Id. at 10-11.

[31] In his Reply, Plaintiff submits that he alleges the following "that he earned vacation wages, that he was not paid these vacation wages, and that this non-payment can be reflected in his earning statements"; he asserts: "These combined statements meet the requirements of F.R.C.P. 9(b)." (Pl.'s Reply at 8.)  Federal Rule of Civil Procedure requires that fraud be pled with particularity.  United States ex rel. Wilkins v. United Health Grp., Inc., 659 F.3d 295, 301 (3d Cir. 2011).  These allegations are insufficient to meet the heightened pleading requirements of Rule 9(b).

[32] See Robinson, 313 F.3d at 135; Dziennik, 2006 WL 4586140, at *7.